# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ACACIA RESEARCH GROUP, LLC and ) <br> LIFEPORT SCIENCES, LLC, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. _____ <br><br> **EXHIBITS A AND B** <br> **FILED UNDER SEAL** |

## BOSTON SCIENTIFIC CORPORATION'S PETITION TO <u>VACATE FINAL ARBITRATION AWARD</u>

Petitioner Boston Scientific Corporation ("BSC") respectfully submits this Petition to Vacate the Memorandum Opinion and Award issued by the American Arbitration Association in Case No. 02-15-0004-9460, on May 15, 2017 (the "Award"). The Award is attached hereto as Exhibit A.

### I.     PARTIES

1.     BSC is a corporation formed and existing under the laws of Delaware and headquartered in Marlborough, Massachusetts.

2.     Acacia Research Group, LLC ("ARG") is a Texas limited liability company headquartered and doing business in Plano, Texas. LifePort Sciences, LLC is a Texas limited liability company headquartered and doing business in Plano, Texas. LifePort's sole member is ARG.

## II.   JURISDICTION

3.   This petition is submitted pursuant to the Federal Arbitration Act's ("FAA") provisions regarding applications to vacate an arbitration award.  9 U.S.C. §§ 6, 10, 11.  There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.  This Court therefore has subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.   This Court has personal jurisdiction over Respondents, who agreed in the written agreement giving rise to this matter to "irrevocably consent to the exclusive jurisdiction of any Delaware state or federal court, over any suit, action or proceeding arising out of or relating to this Agreement."  (Exhibit B § 7.2.)

## III.   VENUE

5.   Pursuant to the FAA, venue for a motion to vacate an award is proper in either the district where the arbitration was conducted or in any of the districts in which venue would be proper under the general venue statute.  9 U.S.C. §§ 9, 10, 11; 28 U.S.C. § 1391; *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000).  The parties agreed to "irrevocably consent to the exclusive jurisdiction of any Delaware state or federal court, over any suit, action or proceeding arising out of or relating to this Agreement."  (Exhibit B § 7.2.)

## IV.   BACKGROUND

6.   In 2012, the parties entered into a written agreement ("the Assignment Agreement") in which Acacia Research Group acquired certain of BSC's patents related to abdominal aortic aneurysm ("AAA"), vascular surgery, and vena cava filters.

7.   The Assignment Agreement provides that for "any dispute, claim or controversy . . . aris[ing] out of or relat[ing] to the Patents, this Agreement, its interpretation, performance or termination, or as to whether a Party has breached this Agreement . . . such

01:22262154.1                                    2

Dispute shall be submitted for binding arbitration, initiated and conducted in accordance with the then existing AAA Commercial Arbitration Rules before a panel of (3) arbitrators experienced in intellectual property contracts and issues . . . ."  (Ex. B § 7.1.)

8. On November 2, 2015, ARG and LifePort Sciences, LLC (collectively, "Acacia") initiated arbitration proceedings pursuant to the AAA rules alleging that BSC breached the Assignment Agreement.

9. Over BSC's objection, a panel of three arbitrators was confirmed on January 8, 2016. The arbitration hearing was held in Fort Worth, Texas, on February 20-23, 2017. The parties submitted pre-hearing and post-hearing briefing. The arbitration panel issued an award dated May 12, 2017, that was issued to the parties on May 15, 2017.

10. As explained in more detail in BSC's Motion to Vacate the Final Arbitration Award and the accompanying brief, BSC's Petition is based on the ground that the panel was improperly appointed because it included an arbitrator who was not selected according to the method specified in the Assignment Agreement. Because the panel thus lacked authority to render an award, vacatur of the Award is required.

### V.   PRAYER FOR RELIEF

BSC respectfully requests the Court to vacate the Award and remand the matter to the AAA to be assigned to an arbitration panel that meets the requirements of the Assignment Agreement and order Acacia to reimburse BSC for attorneys' fees and expenses incurred in connection with the invalid proceedings.

| | |
|---|---|
| DATED: August 15, 2017 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| *Of Counsel:* | */s/ Karen L. Pascale* |
| Matthew M. Wolf<br>Edward Han<br>Amy DeWitt<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>matthew.wolf@apks.com<br>ed.han@apks.com<br>amy.dewitt@apks.com | Karen L. Pascale (#2903)<br>Pilar G. Kraman (#5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>kpascale@ycst.com<br>pkraman@ycst.com<br><br>*Attorneys for Petitioner,*<br>*Boston Scientific Corporation* |